**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Case No. 18-cr-00418-REB-DW

UNITED STATES OF AMERICA,

v.

QI LIN WU

---

**MOTION TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 403**

---

**INTRODUCTION**

It is fundamental in our law that a person can only be convicted for acts actually committed, and not because of a person's general character or a proclivity to commit bad acts. This principle is embodied by Rule 404(b) of the Federal Rules of Evidence, which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Based on this fundamental rule, the defendant, Qi Lin Wu ("Lin Wu") by and through his attorney of record, Stephen R. McCaughey, moves this Court to exclude evidence of his prior arrest and the subsequent drug charges—which occurred in a different state,

two years prior to the acts charged in this case, and which were investigated and prosecuted outside the current action.[1]

## FACTUAL BACKGROUND [2]

*Current Action: 2018 Colorado Marijuana Grow Operation*

On August 28, 2018, federal law enforcement officers executed search warrants at numerous properties in Cortez, Colorado, primarily owned by Jimmy Dang and his wife. The search warrants, obtained in 2018, were based on tips from neighbors and one informant, as well as surveillance, that Jimmy Dang and others were conducting an illegal marijuana grow operation.

Specifically, this investigation started in 2017 when a "concerned citizen" saw a news report of the seizure of a significant amount of marijuana in Grand Junction, Colorado, and contacted law enforcement to report that he/she believed that there was a "large marijuana grow operation" in Montezuma County, Colorado. The citizen identified Jimmy Dang as the suspected individual operating the marijuana grow and even provided law enforcement with addresses for two properties believed to be used for marijuana cultivation. Thereafter, federal

---

[1] Federal Rule of Evidence 404(b) provides that upon request, the prosecution must provide notice of its intent to rely on 404(b) evidence at trial. On April 10, 2019, Defendant Lin Wu requested notice of any 404(b) evidence that the government intends to introduce at his trial. To date, no response has been received. Nonetheless, in an abundance of caution, Lin Wu preemptively moves this court for exclusion of this possible 404(b) evidence as it was produced with the government's discovery.

[2] The factual statements are derived from the discovery produced by the government in this case. They are included for context and background purposes in order for this Court to consider this motion. They are not, however, admitted by Lin Wu. Rather, all of the facts stated herein are specifically denied. Lin Wu demands that the government prove beyond a reasonable doubt each and every fact and allegation that the government alleges supports the charge and any conviction in this case.

agents conducted surveillance on the two properties and eventually identified additional properties, also believed to be involved.

A total of five properties were simultaneously searched on August 28, 2018.[3] At three of the properties—owned by Jimmy Dang and his wife (either in their respective sole capacities or jointly)—law enforcement officers recovered a total of 3,976 marijuana plants as well as other evidence suspected to be used for marijuana cultivation and distribution.

The fourth property searched was a residential home located at 316 Chestnut, which is owned by Jimmy Dang and the defendant, Lin Wu.[4] Law enforcement officers did not recover any marijuana plants from 316 Chestnut,[5] but did seize U.S. currency in the amounts of $477,426, and $13,800, as well as 11 one-ounce gold bars. At the time of the search, law enforcement officers asked the individuals present who owned the money, to which Jimmy's wife claimed partial ownership, and said that the remaining money belonged to Jimmy. The following is an excerpt of the probable cause statement associated with the asset seizure of the $477,426 cash located during the search of 316 Chestnut:[6]

---

[3] In addition to the four Jimmy Dang properties, a fifth property owned by Sang Teng and Lan Yang was also searched pursuant to a search warrant by various law enforcement agencies.

[4] At the time of the search there were eight adults located in the residence as well as two juveniles. Lin Wu was not present at the time this home was searched.

[5] Law enforcement did not locate live plants at this property, but according to some reports, found approximately 160 pounds of processed marijuana, grow lamps, vacuum seal plastic, and other items. The grand jury testimony, however, states that only a "small amount[] of dried marijuana product as well as the remnants of an indoor grow in the garage" was located at this residence.

[6] Jimmy Dang's wife, Qi Lu Wu, is the defendant's sister. The "Wu" references throughout the probable cause statement refer to Jimmy's wife Qi Lu Wu—not the defendant in this case.

> On August 28, 2018, 5 Federal search and seizure warrants were executed at Dang's properties, including 316 South Chestnut Street, Cortez, Colorado. Members of DEA, HSI/ICE, FBI, IRS, Cortez Police Department, Mesa County Sheriff's Office, Tri Rivers Drug Enforcement Team (TRIDENT), Montezuma County Sheriff's Office and Colorado State Patrol helped executed the warrants. The search warrants executed at the other 4 properties resulted in the seizure of over 4,200 marijuana plants and 380 pounds of processed marijuana.
>
> 316 South Chestnut, Cortez, Colorado, had been identified as Dang and his wife's residence. Dang was not present when the search and seizure warrant was executed. Wu, along with 7 other adults and 2 children (ages 4 and 8) were at the residence at the time of the search. The adults are Abigail Calvinia Yazzie, Raymond Perez, Bo Phong Mang, Tienjen Chang, Shirley Nghiem, Bincente Salinas Hernandez and Lie H Ng. They all occupied the home and the adults worked at Dang and Wu's restaurant, The Ocean Pearl, in Cortez.
>
> Further investigation revealed that Perez and Salinas Hernandez were undocumented Mexican Nationals and did not have legal residency status. Perez and Salinas Hernandez were taken into custody by ICE agents.
>
> During execution of the warrant at 316 South Chestnut, $477,426 U.S. Currency (Exhibit N-11), $13,800.00 U.S. Currency (Exhibit N-12), 11 one-ounce gold bars (Exhibit N-13) and 160 pounds of processed marijuana product were seized.
>
> Exhibit N-11 and N-13 were located in a gun safe in the master bedroom that Wu opened for Agents. Only Dang and Wu had access to the safe. Wu claimed ownership of part of N-11, and stated the rest belonged to Dang. Wu stated her portion of N-11 was from gambling and she did not know the origin of Dang's money (N-11). The gun safe also contained jewelry and miscellaneous documents in the name of Wu, Dang and The Ocean Pearl Restaurant. Special Agent Alison Yates seized N-11 and N-13 as proceeds at this time.
>
> Exhibit N-12 was located inside a plastic grocery bag in a drawer under a bed in the master bedroom. Wu also claimed ownership of Exhibit N-12. Wu did not specify the origin of this money (N-12). SA Yates seized N-12 as proceeds.

Defendant Lin Wu was not present at the time law enforcement officers searched 316 Chestnut and is not mentioned in the probable cause statement.

In addition to the fact that defendant Lin Wu co-owned the 316 Chestnut property with Jimmy Dang, the law enforcement officers interviewed an informant, who they claim stated the defendant assisted Jimmy Dang in packaging marijuana. Additionally, law enforcement reviewed utility records associated with the four properties owned by Jimmy Dang or his wife and reported that the electrical consumption at those locations is significantly higher than the average consumer. Notably, the owner on the electrical account at 316 Chestnut is Jimmy Dang. And finally, also on August 28, 2018, law enforcement officers seized Lin Wu's bank records as well as the bank records of the Ocean Pearl Restaurant, which Lin Wu owns with Jimmy Dang. The records showed that Lin Wu had a balance of $141,614.00 in his personal accounts, and,

according to law enforcement, the Ocean Pearl records revealed "structured deposits" of cash which they associated with distribution of marijuana.

A grand jury indictment was filed on September 11, 2018, charging Jimmy Dang and Lin Wu, as well as two other individuals, Lisa Yang and Seng Teng, each with one count of knowingly and intentionally manufacturing and possessing with the intent to distribute 1000 or more kilograms of marijuana and 1000 or more plants of marijuana, a Schedule I controlled substance; and did aid and abet the same; all in violation of 21 U.S.C. § 841(a)(1) and(b)(1)(A)(vii) and 18 U.S.C. § 2.

*Prior Incident: 2016 Utah Arrest*

Two years prior to the execution of the search warrants at issue in this case, on October 1, 2016, defendant Lin Wu was stopped at a sobriety check point in San Juan County, Utah. The purpose of the check point was to check each driver for alcohol consumption and a valid driver's license. Indeed, this incident was a random stop, unrelated to the subsequent 2017-2018 investigation by federal agents in Colorado. During the traffic stop, Utah law enforcement officers smelled marijuana and eventually, searched Lin Wu's mini-van. In that search, Utah officers located marijuana particles on the floor, five suitcases with no clothing or belongings, and a small shoe box with $77,420 in cash. In an interview with Lin Wu, while using a Chinese translator over the phone, Lin Wu denied ownership of the cash, but admitted that he has 12 marijuana plants at his home in Colorado, and that he uses marijuana for the treatment of Lupus.

Lin Wu was thereafter charged in the Seventh Judicial District Court, in and for San Juan County, State of Utah with Distribution of or Arranging to Distribute a Controlled Substance (marijuana), a third degree felony in violation of Utah Code § 58-37-8(1)(a)(ii), and Possession

of Drug Paraphernalia, a class B misdemeanor, in violation of Utah Code § 58-37a-5(1).   On May 15, 2017, Lin Wu entered a guilty plea to count I, reduced to a class B misdemeanor.  The guilty plea was held in abeyance for one year, and, after compliance with specific court-ordered conditions, on May 29, 2018, the case was dismissed—*with prejudice.*

## ARGUMENT

*The 2016 Utah Incident is Not Admissible under Rules 404(b) and 403*

Evidence of defendant Lin Wu's 2016 Utah arrest and guilty plea fall squarely within the purview of Federal Rule of Evidence 404(b), which requires exclusion at trial of evidence of prior crimes, wrongs, or acts in order to prove that the person acted in conformity with the prior crime.  This is precisely the government's purpose with this evidence—to try and establish that Lin Wu engaged in marijuana distribution in 2016, and therefore, that he also engaged in marijuana distribution in Colorado in 2018.   Such an inference is prohibited.  Accordingly, evidence of this prior crime must be excluded at trial.

Federal Rule of Evidence 404(b) states as follows:

(1) **Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) **Permitted Uses; Notice in a Criminal Case**. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

The jurisprudence of this rule's interpretation is vast.  But in sum, a trial court should consider a four-factor test when determining the admissibility of evidence under Rule 404(b). Specifically, the factors are the following:  "(1) the evidence must be offered for a proper

6

purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted." *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (quotation omitted); *see also Huddleston v. United States*, 485 U.S. 681, 691–92 (1988) (discussing four sources that serve as "the protection against . . . unfair prejudice" when admitting evidence under Rule 404(b)).

As a threshold matter, evidence of Lin Wu's prior arrest, charges, and guilty plea are not admissible in order to prove that in the current action, Lin Wu acted in conformity with that prior crime. This is precisely the government's purpose for this evidence in this case and it is clearly prohibited from admission at trial. Moreover, not only is this evidence clearly prohibited, its admission cannot reasonably be said to fall within any permissible exception. For this reason alone, evidence of the 2016 Utah arrest, charges, and guilty plea must be excluded.

But even assuming that evidence of the prior crime is admissible—which it is not—the danger of unfair prejudice to Lin Wu of this evidence substantially outweighs any of its probative value. In other words, the probative value of the prior arrest, *as it relates to a permitted use*, is substantially outweighed by the danger of unfair prejudice, and it is therefore not admissible under Federal Rule of Evidence 403. Indeed, the current action is not a re-trial of the 2016 incident. Given the government's weak evidence against Lin Wu in the current action, there is a significant risk that admission of this prior incident may lead a jury to believe that if Lin Wu committed a similar crime in 2016, then he did in this case as well. But Rule 404(b) specifically exists to prevent this impermissible inference. Thus, the danger of this prohibited

inference substantially outweighs any of the arrest's possible probative value. For this additional reason, evidence of Lin Wu's 2016 Utah arrest, charges, and guilty plea must be excluded from trial in this case.

For the foregoing reasons, Defendant Qi Lin Wu respectfully moves this court to exclude evidence of his prior arrest, the facts surrounding the arrest, the charges, and the guilty plea from evidence at his trial in this case.

DATED this _8__th day of July, 2019.

Stephen R. McCaughey, LLC

*/s/ Stephen R. McCaughey*
Stephen R. McCaughey, #2149
9 E. Exchange Place Suite 600
Salt Lake City, UT 84111
Telephone: (801) 364-6474
Facsimile: (801) 364-5014
Email: Stephen@stephenrmccaughey.com

CERTIFICATE OF SERVICE

I hereby certify that on this __8__th day of July, 2019, I electronically filed the foregoing **MOTION TO EXCLUDE EVIDENCE PURSUANT TO FEDERAL RULES 404(b) and 403 via** CM/ECF.

*/s/ Carmen Sweeney*
Carmen Sweeney